United States District Court
For the Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Boulevard, Room 867
Detroit, Michigan  48226-2708

Chambers of                                                                    (313) 234-5145
Patrick J. Duggan                                                     FAX  (313) 234-5353
District Judge

August 18, 2010

To: All Counsel of Record

Re:    Tracey L. Kevelighan, et al. v. Trott & Trott, P.C., et al.
        Case No. 09-12543

Dear Counsel:

As alluded to in this Court's July 7, 2010, Opinion and Order, the Amended Complaint in this case exceeds the limits of acceptable pleadings with its length, repetition, and disorganization.  The Amended Complaint clearly does not comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that the complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

The failure to comply with this rule has imposed an unnecessary burden on both the Court and the defendants.  The defendants should not have to answer such an unwieldy document.  At the same time, however, the Court believes that ordering plaintiffs to submit a second amended complaint would only result in an equally convoluted pleading, giving rise to yet more problems and delay in this case.

The attached document identifies what the Court believes are pending claims in this case considering the content of the Amended Complaint, the impact of the July 7, 2010, Opinion and Order, and the content of plaintiffs' memorandum of surviving claims filed on August 3, 2010.

Although plaintiffs have asserted some "class claims" in the Amended Complaint, there has been no motion by plaintiffs to certify a class and the Court has not had an opportunity to address whether or not a class should be certified.  Therefore, for the purpose of answering the present Amended Complaint, the Court will be requiring defendants only to respond to individual claims asserted against them.  The Court notes, however, that the

To All Counsel of Record
August 18, 2010
Page Two.

_____

allegations supporting such individual claims may appear in paragraphs of the Amended
Complaint describing class claims.  In other words, where a paragraph asserts an individual
claim, as well as a class claim, defendants will be expected to respond to the paragraph to the
extent it supports an individual claim.

     If any party has any objection to this list of claims, such objection shall be filed within
seven (7) days of the date of this letter.  After a definitive list of the pending claims has been
identified to the Court's satisfaction, the Court will issue an order delineating the specific
paragraphs of the Amended Complaint that each defendant, except Trott and Orlans, will be
required to answer.[1]

     Very truly yours,

     s/ Patrick J. Duggan
     United States District Judge

PJD/eac

Copies to:
Kevin Kevelighan, Esq.
Joseph J. Shannon III, Esq.
Timothy B. Meyers, Esq.
James W. McGarry, Esq.
Matthew J. Boettcher, Esq.
Dana M. Hathaway, Esq.
Lawrence C. Mann, Esq.
Mark P. Schneebeck, Esq.

_____

[1] Trott and Orlans have already filed complete answers to the Amended Complaint.

**I. Tracey Kevelighan (Lamplighter Lane)**
A. FDCPA Claim: Immediate Repayment of Tax Advances
     Trott, Orlans, and Deutsche Bank
B. FDCPA Claim: Excessive Attorney Fees
     Trott, Orlans, and Deutsche Bank
C. Unjust Enrichment: Collection of Tax Advances
     Trott and Orlans
D. Unjust Enrichment: Collection of Excessive Attorney Fees
     Trott, Orlans, ASC, Wells Fargo, and Deutsche Bank
E. Breach of Mortgage Note: Immediate Repayment of Tax Advances
     Deutsche Bank
F. Breach of Mortgage Note: Excessive Attorney Fees
     Deutsche Bank
G. RESPA Claim: Qualified Written Request
     ASC and Wells Fargo
H. Equitable Mortgage
     Deutsche Bank
I. Specific Performance
     Deutsche Bank

**II. Tracey and Kevin Kevelighan (Staman Court)**
A. FDCPA Claim: Immediate Repayment of Tax Advances
     Trott and Fannie Mae
B. FDCPA Claim: Excessive Attorney Fees
     Trott and Fannie Mae
C. Unjust Enrichment: Collection of Tax Advances
     Trott
D. Unjust Enrichment: Collection of Excessive Attorney Fees
     Trott, Wells Fargo, and Fannie Mae
E. Breach of Mortgage Note: Immediate Repayment of Tax Advances
     Fannie Mae
F. Breach of Mortgage Note: Excessive Attorney Fees
     Fannie Mae
G. Equitable Mortgage
     Fannie Mae
H. Specific Performance
     Fannie Mae

**III. Comptons (Home)**
A. FDCPA Claim: Immediate Repayment of Tax Advances
     Trott and Bank of New York
B. FDCPA Claim: Excessive Attorney Fees
     Trott and Bank of New York
C. Unjust Enrichment: Collection of Tax Advances
     Trott

D. Unjust Enrichment: Collection of Excessive Attorney Fees
    Trott, Bank of New York, and First Horizon
E. Breach of Mortgage Note: Immediate Repayment of Tax Advances
    Bank of New York
F. Breach of Mortgage Note: Excessive Attorney Fees
    Bank of New York
G. Truth In Lending Act: Rescission
    Bank of New York
H. Equitable Mortgage
    Bank of New York
I. Specific Performance
    Bank of New York

**IV. Comptons (New Construction)**
A. FDCPA Claim: Excessive Attorney Fees
    Trott and Fannie Mae
B. Unjust Enrichment: Collection of Excessive Attorney Fees
    Trott and Fannie Mae
C. Breach of Mortgage Note: Excessive Attorney Fees
    Fannie Mae
D. Equitable Mortgage
    Fannie Mae
E. Specific Performance
    Fannie Mae
**V. Kleinhans (Marshall Street)**
A. Unjust Enrichment: Collection of Excessive Attorney Fees
    Trott and US Bank