UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY L. KEVELIGHAN, KEVIN W.
KEVELIGHAN, JAMIE LEIGH
COMPTON, JAMIE LYNN COMPTON,
and KEVIN KLEINHANS,

      Plaintiffs,

v.

TROTT & TROTT, P.C.; ORLANS
ASSOCIATES, P.C.; AMERICA'S
SERVICING COMPANY; DEUTSCHE
BANK NATIONAL TRUST COMPANY;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
WEBSTER BANK, N.A.; FANNIE MAE;
FIRST HORIZON HOME LOANS, aka
FIRST TENNESSEE BANK, N.A., aka
METLIFE HOME LOANS, aka FIRST
HORIZON ASSET SECURITIES, INC.;
BANK OF NEW YORK; U.S. BANK
HOME MORTGAGE; WELLS FARGO
HOME MORTGAGE, and HSBC
MORTGAGE CORP.,

      Defendants.
      _____/

Case No. 09-12543

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 18, 2011.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

On June 29, 2009, Tracey L. Kevelighan, Kevin W. Kevelighan, Jamie Lynn

Compton, Jamie Leigh Compton, and Kevin Kleinhans filed this purported class-action lawsuit, alleging numerous violations of state and federal law in connection with the administration and enforcement of mortgage agreements.  On October 27, 2009, Plaintiffs filed an Amended Complaint spanning 145 pages, containing over 600 numbered paragraphs, and naming 40 purported plaintiff and defendant sub-classes.  The remaining[1] defendants in this action include Trott & Trott, P.C. ("Trott"); Orlans Associates, P.C.; America's Servicing Company ("ASC"); Deutsche Bank National Trust Company; Wells Fargo Home Mortgage ("Wells Fargo"); Fannie Mae; First Horizon Home Loans ("First Horizon"); Bank of New York; and U.S. Bank Home Mortgage ("U.S. Bank").  Trott answered the Amended Complaint on November 19, 2009.

Several defendants filed motions to dismiss, and this Court issued an Opinion and Order on July 7, 2010, granting these motions in part and denying them in part.  Due to the length, complexity, and disorganization of the Amended Complaint, the Court sent a letter to all counsel of record on August 18, 2010, identifying a list of each plaintiff's remaining claims against each defendant.  The Court invited counsel to object to the proposed list of claims, and no objections were received.  Accordingly, the Court indicated its intent to proceed with the understanding that only the claims in that list were pending.

Remaining against Trott are claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and common law claims of unjust enrichment.

---

[1] The Amended Complaint also named as defendants Mortgage Electronic Registration Systems, Inc. and HSBC Mortgage Corporation, but those parties have been dismissed due to Plaintiffs' failure to obtain service on them.

These include the following: (1) FDCPA claim for immediate repayment of tax advances, by Tracey Kevelighan (Lamplighter Lane), Tracey and Kevin Kevelighan (Staman Court), and the Comptons (Home); (2) FDCPA claim for excessive attorney fees, by Tracey Kevelighan (Lamplighter Lane), Tracey and Kevin Kevelighan (Staman Court), the Comptons (Home), and the Comptons (New Construction); (3) unjust enrichment claim for the collection of tax advances, by Tracey Kevelighan (Lamplighter Lane), Tracey and Kevin Kevelighan (Staman Court), and the Comptons (Home); and (4) unjust enrichment claim for collection of excessive attorney fees, by Tracey Kevelighan (Lamplighter Lane), Tracey and Kevin Kevelighan (Staman Court), the Comptons (Home), the Comptons (New Construction), and Kleinhans (Marshall Street).

Presently before the Court is Trott's Motion for Judgment on the Pleadings, filed on October 4, 2010 pursuant to Federal Rule of Civil Procedure 12(c). The Court heard oral argument on December 16, 2010, and for the reasons stated below, grants Trott's Motion.

## I. Factual Background

This suit arises from Defendants' alleged conduct in administering mortgage and loan agreements with Plaintiffs. For simplicity, the Court will address separately the set of facts relevant to each Plaintiff's claims.

### A. Tracey Kevelighan (Lamplighter Lane)

On April 21, 2009, Trott sent Tracey Kevelighan a letter stating that ASC had instructed Trott "to commence foreclosure proceedings against the property." Am. Compl. Ex. 12 at 1. The letter itemized the principal balance, unpaid interest, late charges, corporate advance, escrow advance, and inspection fees relating to Kevelighan's loan. *Id.*

The letter also provided that reinstatement may be possible, and contained contact information for Kevelighan to request reinstatement. *Id.* Kevelighan, through counsel, responded with a letter to Trott on April 24, 2009, demanding "an updated 'reinstatement quote.'" Am. Compl. Ex. 13 at 7.

Trott responded in a letter dated May 18, 2009, stating that it was a response to Kevelighan's request for a reinstatement amount. Am. Compl. Ex. 15 at 1. The letter provided that if Kevelighan wished to reinstate her loan, she should remit a check payable to ASC in the amount of $65,953.10. *Id.* This amount included legal fees and costs totaling $1,373.00. *Id.*

### B. Tracey and Kevin Kevelighan (Staman Court)

On August 6, 2008, Trott sent Tracey and Kevin Kevelighan a letter stating that Wells Fargo had instructed Trott "to commence foreclosure proceedings against the property." Am. Compl. Ex. 29 at 1. The letter itemized the principal balance, unpaid interest, late charges, and escrow advance relating to the Kevelighans' loan. *Id.* The letter also provided that reinstatement may be possible, and contained contact information for the Kevelighans to request reinstatement. *Id.*

On August 8, 2008, and November 10, 2008, Trott sent the Kevelighans letters identifying alternatives to foreclosure. Am. Compl. Ex. 31; Am. Compl. Ex. 41. On November 25, 2008, Trott sent the Kevelighans another letter, stating that "Fannie Mae, the investor with respect to your loan, instructed us to temporarily adjourn the foreclosure sale to provide you with additional time to explore all potential alternatives to foreclosure." Am. Compl. Ex. 42 at 1.

4

**C. Jamie Lynn Compton and Jamie Leigh Compton (Home)**

On May 14, 2008, Trott sent the Comptons a letter stating that First Horizon had instructed Trott "to commence foreclosure proceedings against the property." Am. Compl. Ex. 51 at 1. The letter itemized the principal balance, unpaid interest, late charges, escrow advance, suspense amount, and insurance advance relating to the Comptons' loan. *Id.* The letter also provided that reinstatement may be possible, and contained contact information for the Comptons to request reinstatement. *Id.*

**D. Jamie Lynn Compton and Jamie Leigh Compton (New Construction)**

Trott contends that the Comptons have failed to allege any contact with Trott relating to their new construction loan. Trott Br. 5. Plaintiffs' brief fails to note any specific contact between Trott and the Comptons regarding a new construction loan, and the Court is unable to find any evidence of such contact in the Amended Complaint.

**E. Kevin Kleinhans (Marshall Street)**

On October 10, 2007, Trott sent a letter to Kleinhans stating that it was a response to Kleinhans' request for a reinstatement amount. Am. Compl. Ex. 52 at 1. The letter provided that if Kleinhans wished to reinstate his loan, he should remit a check payable to U.S. Bank in the amount of $4,549.22. *Id.* This amount included legal fees and costs totaling $1,272.00. *Id.* No further contact between Trott and Kleinhans is alleged.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*,

5

133 F.3d 416, 421 (6th Cir. 1998).  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).  This presumption, however, is not applicable to legal conclusions.  *Iqbal*, 129 S. Ct. at 1949.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

6

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

**A. FDCPA Claims**

Trott argues that Plaintiffs have failed to state plausible FDCPA claims, as they have not alleged sufficient facts to establish that Trott is a "debt collector" under the statute. The FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Debt" is as an "obligation or alleged obligation of a consumer to pay money." *Id.* § 1692a(5). The statute defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of [15 U.S.C. § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

*Id.* § 1692a(6).

Plaintiffs have failed to allege actions by Trott constituting an attempt to collect money. Several Plaintiffs allege that Trott sent them letters stating that it had been instructed to commence foreclosure proceedings against property, but these letters never demanded payment. Rather, they notified Plaintiffs of Trott's intent to enforce a security

7

interest in the property through foreclosure. "[A]n enforcer of a security interest, such as a repossession agency, falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)." *Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003) (quoting *Jordan v. Kent Recovery Serv., Inc.*, 731 F. Supp. 652, 659 (D. Del. 1990)). Because Plaintiffs have not alleged violations of § 1692f(6), that exception is inapplicable. Plaintiffs have failed to establish that Trott is subject to the FDCPA's requirements.

Plaintiffs argue that Trott is a "debt collector" because it sought to collect money through reinstatement. This contention lacks merit. Responding to a borrower's request for information concerning reinstatement of a loan does not constitute "debt collection" under the FDCPA. *Williams v. Trott*, 822 F. Supp. 1266, 1269 (E.D. Mich. 1993). Plaintiffs sought to reinstate their loans, and could freely inquire as to the requirements for doing so. Trott responded to their requests, explaining the payments required to reinstate. These responses cannot be considered debt collection under the FDCPA. Accordingly, Plaintiffs have failed to state plausible FDCPA claims against Trott.

The Court notes that even if Plaintiffs established that Trott is a "debt collector" under the FDCPA, the applicable one-year statute of limitations bars the claims of Kleinhans and the Comptons. *See* 15 U.S.C. § 1692k(d). Kleinhans admits that the alleged FDCPA violations relating to his loan are time-barred. Am. Compl. ¶ 261. The Comptons allege violations occurring in May 2008, more than one year before the filing of the Complaint on June 29, 2009. Accordingly, these claims must be dismissed, regardless of whether Trott was a "debt collector" under the FDCPA.

Plaintiffs' response to Trott's Motion details a number of statements allegedly made

8

during telephone conversations. In considering a motion under Rule 12(c), however, the Court is limited to the complaint and documents referred to in the complaint. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Even so, these new allegations appear to focus on reinstatement, and would not cure the deficiencies of Plaintiffs' claims.

## B. Unjust Enrichment Claims

Plaintiffs argue that Trott was unjustly enriched because (1) costs and attorney's fees are not reimbursable where foreclosure does not comply with statutory requirements, and (2) Trott collected excessive attorney's fees and improper escrow advances. Trott argues that the mortgage agreements between Plaintiffs and their respective lenders provide for reimbursement of these fees, and accordingly, constitute express contracts barring Plaintiffs' unjust enrichment claims.

The law will imply a contract to prevent unjust enrichment where one party inequitably receives and retains a benefit from another, but only if there is no express contract covering the same subject matter. *Liggett Rest. Group, Inc. v. City of Pontiac*, 260 Mich. App. 127, 137, 676 N.W.2d 633, 639 (Mich. App. 2003). Plaintiffs' mortgage agreements expressly permit the collection of attorney's fees and costs as a condition of reinstatement. *See, e.g.,* Am. Compl. Ex. 21 § 19. These agreements also permit the collection of escrow advances under certain conditions. *See, e.g., id.* § 3. Although Plaintiffs claim that these advances were improperly accelerated, the rights to their collection arise from the respective mortgage agreements. Because the Court may not imply a contract where one already exists, Plaintiffs' unjust enrichment claims fail as a matter of law.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Trott & Trott, P.C.'s Motion for Judgment on the Pleadings is **GRANTED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

Kevin W. Kevelighan, Esq.
Joseph Aviv, Esq.