UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY L. KEVELIGHAN, KEVIN W.
KEVELIGHAN, JAMIE LEIGH
COMPTON, JAMIE LYNN COMPTON,
and KEVIN KLEINHANS,

    Plaintiffs,

v.

TROTT & TROTT, P.C.; ORLANS
ASSOCIATES, P.C.; AMERICA'S
SERVICING COMPANY; DEUTSCHE
BANK NATIONAL TRUST COMPANY;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
WEBSTER BANK, N.A.; FANNIE MAE;
FIRST HORIZON HOME LOANS, aka
FIRST TENNESSEE BANK, N.A., aka
METLIFE HOME LOANS, aka FIRST
HORIZON ASSET SECURITIES, INC.;
BANK OF NEW YORK; U.S. BANK
HOME MORTGAGE; WELLS FARGO
HOME MORTGAGE, and HSBC
MORTGAGE CORP.,

    Defendants.
_____/

Case No. 09-12543

Honorable Patrick J. Duggan

**ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 26, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

On June 29, 2009, Tracey L. Kevelighan, Kevin W. Kevelighan, Jamie Lynn

Compton, Jamie Leigh Compton, and Kevin Kleinhans filed this purported class-action lawsuit, alleging numerous violations of state and federal law in connection with the administration and enforcement of mortgage agreements. On October 27, 2009, Plaintiffs filed an Amended Complaint spanning 145 pages, containing 634 numbered paragraphs, and naming 40 purported plaintiff and defendant sub-classes.

Several defendants filed motions to dismiss, and this Court issued an Opinion and Order on July 7, 2010 granting these motions in part and denying them in part. Due to the length, complexity, and disorganization of the Amended Complaint, the Court sent a letter to all counsel of record on August 18, 2010, identifying a list of each plaintiff's remaining claims against each defendant. The Court invited counsel to object to the proposed list of claims, and no objections were received. Accordingly, the Court indicated its intent to proceed with the understanding that only the claims in that list were pending. Several Defendants have since filed motions for judgment on the pleadings or for summary judgment, including: Trott & Trott, P.C., Orlans Associates, P.C., Bank of New York Mellon, Deutsche Bank National Trust Company, Federal National Mortgage Association, U.S. Bank Home Mortgage, America's Servicing Company, Wells Fargo Home Mortgage, and First Horizon Home Loans.[1]

On February 15, 2011, Plaintiffs filed a motion to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a). Several Defendants filed responses in opposition to the motion, and the Court heard oral argument on May 12, 2011. For the reasons stated

---

[1] The Court granted Trott & Trott, P.C.'s motion in an Opinion and Order dated January 18, 2011. The remaining motions are pending at this time.

below, the Court denies Plaintiffs' motion.

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b), (e), or (f). Otherwise, a party may amend only with the opposing party's written consent or the court's leave, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts have discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Absent any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.*

Plaintiffs seek leave of the Court to file five separate amended complaints, arguing that this would "further clarify the causes of action and claims." Pls.' Mot. Amend ¶ 8. Additional clarity is unnecessary, as the Court's August 18, 2010 letter provided a succinct list of the claims raised by each Plaintiff against each Defendant. *See* Dkt. #62. The Court invited the parties to raise objections to that list and received none. Each Defendant has clear notice of the claims against which it must defend, and several Defendants have accordingly filed dispositive motions.

Plaintiffs argue that Defendants would not be prejudiced by granting leave to amend. The Court disagrees. Despite their filing of an unwieldy Amended Complaint, Plaintiffs waited well over a year before seeking leave to amend. In the meantime, Defendants have filed motions for judgment on the pleadings or summary judgment. The Court also notes that discovery in this case has closed. If a Second Amended Complaint raised issues

requiring additional discovery, it would require Defendants to expend more resources and further delay resolution of this litigation.  Given Plaintiffs' previous failure to cure the deficiencies of their Amended Complaint, such an outcome would be manifestly unjust.

At the hearing, Plaintiffs indicated their intent to add another defendant, Mortgage Electronic Registration Systems.  "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).  Plaintiffs have offered no explanation for their delay in adding this new defendant, and the Court concludes that leave to amend must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Amend the Complaint is **DENIED**.

> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:

Kevin W. Kevelighan, Esq.
Peter W. Macuga, II, Esq.
Timothy B. Myers, Esq.
Matthew J. Boettcher, Esq.
Dana M. Hathaway, Esq.
Lawrence C. Mann, Esq.
Mark P. Schneebeck, Esq.