UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY L. KEVELIGHAN, KEVIN W.
KEVELIGHAN, JAMIE LEIGH
COMPTON, JAMIE LYNN COMPTON,
and KEVIN KLEINHANS,

      Plaintiffs,

v.

TROTT & TROTT, P.C.; ORLANS
ASSOCIATES, P.C.; AMERICA'S
SERVICING COMPANY; DEUTSCHE
BANK NATIONAL TRUST COMPANY;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
WEBSTER BANK, N.A.; FANNIE MAE;
FIRST HORIZON HOME LOANS, aka
FIRST TENNESSEE BANK, N.A., aka
METLIFE HOME LOANS, aka FIRST
HORIZON ASSET SECURITIES, INC.;
BANK OF NEW YORK; U.S. BANK
HOME MORTGAGE; WELLS FARGO
HOME MORTGAGE, and HSBC
MORTGAGE CORP.,

      Defendants.
_____/

Case No. 09-12543

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_May 26, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On June 29, 2009, Tracey L. Kevelighan, Kevin W. Kevelighan, Jamie Lynn

Compton, Jamie Leigh Compton, and Kevin Kleinhans filed this purported class-action lawsuit, alleging numerous violations of state and federal law in connection with the administration and enforcement of mortgage agreements. On October 27, 2009, Plaintiffs filed an Amended Complaint spanning 145 pages, containing 634 numbered paragraphs, and naming 40 purported plaintiff and defendant sub-classes.

Several defendants filed motions to dismiss, and this Court issued an Opinion and Order on July 7, 2010 granting these motions in part and denying them in part. Due to the length, complexity, and disorganization of the Amended Complaint, the Court sent a letter to all counsel of record on August 18, 2010, identifying a list of each plaintiff's remaining claims against each defendant. The Court invited counsel to object to the proposed list of claims, and no objections were received. Accordingly, the Court indicated its intent to proceed with the understanding that only the claims in that list were pending.

Defendants Orlans Associates, P.C. ("Orlans") and U.S. Bank Home Mortgage ("U.S. Bank") have each filed a motion for judgment on the pleadings, arguing that Plaintiffs' claims against them must be dismissed. Remaining against Orlans are Tracey Kevelighan's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and common law claims of unjust enrichment. U.S. Bank faces only Kevin Kleinhans' claim of unjust enrichment. The Court heard oral argument on May 12, 2011, and for the reasons stated below, grants both motions.

## I. Factual Background

**A. Plaintiff Tracey Kevelighan (Lamplighter Lane Property)**

On July 3, 2008, Orlans sent Tracey Kevelighan a letter stating that America's

Servicing Company ("ASC") had instructed Orlans to commence foreclosure proceedings on her mortgage. *See* Am. Compl. Ex. 10. The letter detailed the loan's outstanding balance, unpaid interest, late charges, advances, and related fees. It stated:

> You may have the right to reinstate the mortgage, subject to the creditor's approval by paying all past due installments, late charges, delinquent taxes, insurance premiums, costs and fees incurred in the foreclosure. To request reinstatement information, contact our Loan Resolution Department.

*Id.* Kevelighan responded to Orlans in a letter dated July 25, 2008, in which she made her "demand for a reinstatement quote." Am. Compl. Ex. 11 at 2. She has not alleged that she received any further correspondence from Orlans. Orlans later agreed to discontinue the foreclosure proceedings. Am. Compl. ¶ 71.

Trott & Trott, P.C. ("Trott") replaced Orlans as foreclosure counsel. On April 21, 2009, Trott sent Kevelighan a letter indicating that ASC had requested it to commence foreclosure proceedings. *See* Am. Compl. Ex. 12. Kevelighan responded through counsel on April 24, 2009, requesting, *inter alia*, a "reinstatement quote." On May 8, 2009, Trott sent a reinstatement quote to Kevelighan, providing that she could reinstate her loan by tendering payment of $65,953.10, of which $1,373.00 was recoverable legal fees. *See* Am. Compl. Ex. 15. Kevelighan did not reinstate the loan or pay these attorney's fees.

**B. Plaintiff Kevin Kleinhans**

Kevin Kleinhans obtained a mortgage loan from NBD Mortgage Company to buy a home in Alma, Michigan. *See* U.S. Bank Mot. Ex. 1. The mortgage on the property was subsequently assigned to the Michigan State Housing Development Authority in February 1985. *See* U.S. Bank Mot. Ex. 2. U.S. Bank services the loan for the Michigan State

Housing Development Authority. After Kleinhans defaulted on the loan, U.S. Bank initiated foreclosure proceedings through Trott. Kleinhans sought a reinstatement quote from Trott. Trott responded in a letter dated October 18, 2007, stating that Kleinhans could reinstate by paying the outstanding monthly payments, late charges, inspection fees, tax advances, and insurance advances, which totaled $3,226.97, plus legal fees and costs of $1,322.25. Am. Compl. Ex. 52 at 1. Kleinhans reinstated the loan by making payment of these amounts. Am. Compl. ¶ 260.

## II. Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556,

4

127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III. Discussion

#### A. Tracey Kevelighan's FDCPA Claims

Orlans argues that Tracey Kevelighan's FDCPA claims against it must be dismissed because Orlans did not act as a "debt collector" under the statute. The Court notes that while Plaintiffs responded to Orlans' motion, they did not address this argument.

The FDCPA provides that "[a] debt collector may not use unfair or unconscionable

5

means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  "Debt" is as an "obligation or alleged obligation of a consumer to pay money." *Id.* § 1692a(5).  Tracey Kevelighan has not alleged actions that constitute an attempt to collect a debt.  A statement of the intent to enforce a security interest is insufficient to impose liability under the FDCPA.  1/18/2011 Op. & Order at 8; *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 700 (6th Cir. 2003).  The July 3, 2008 letter from Orlans only indicated its intent to enforce a security interest.  Because Tracey Kevelighan has not established that Orlans' actions constituted an attempt to collect a debt, her claims under the statute fail.

**B. Tracey Kevelighan's Unjust Enrichment Claims**

Kevelighan alleges unjust enrichment based on the collection of tax advances and excessive attorney's fees.  A plaintiff asserting a claim of unjust enrichment must show that the defendant received a benefit from the plaintiff and an inequity resulted as a consequence of defendant's retention of that benefit.  *Liggett Rest. Group, Inc. v. City of Pontiac*, 260 Mich. App. 127, 137, 676 N.W.2d 633, 639 (Mich. Ct. App. 2003).  Because Plaintiff did not pay the attorney's fees listed in her reinstatement quote, the Court cannot conclude that Orlans received a benefit.  As for the tax advances, Kevelighan's mortgage agreement permitted the lender to seek repayment of funds advanced to pay property taxes.  *See* Am. Compl. Ex. 1 §§ 3, 4.  The law will not imply a contract to prevent unjust enrichment where there is an express contract covering the same subject matter.  *Liggett Rest. Group, Inc.*, 260 Mich. App. at 137, 676 N.W.2d at 639.  Accordingly, Kevelighan's unjust enrichment claims fail.

**C. Kevin Kleinhans' Unjust Enrichment Claim**

Kevin Kleinhans contends that U.S. Bank was unjustly enriched through excessive attorney's fees. Kleinhans alleges that he paid attorney's fees when reinstating his loan, Am. Compl. ¶ 260, but he does not allege that he paid those fees to U.S. Bank. Kleinhans' reinstatement quote from Trott indicates that attorney's fees must be paid directly to Trott. Am. Compl. Ex. 52 at 1. In its brief, U.S. Bank denied receiving payment of these fees. Plaintiffs did not address this argument in their response or at the hearing, and there is no evidence before this Court indicating that U.S. Bank received a benefit from Kleinhans' payment of attorney's fees. Absent such evidence, the unjust enrichment claim fails. *See Liggett Rest. Group, Inc.*, 260 Mich. App. at 137, 676 N.W.2d at 639.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Orlans Associates, P.C.'s motion for judgment on the pleadings is **GRANTED**;

**IT IS FURTHER ORDERED** that U.S. Bank Home Mortgage's motion for judgment on the pleadings is **GRANTED**.

                                                      s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:

Kevin W. Kevelighan, Esq.
Peter W. Macuga, II, Esq.
Timothy B. Myers, Esq.
Dana M. Hathaway, Esq.
Lawrence C. Mann, Esq.
Mark P. Schneebeck, Esq.
Matthew J. Boettcher, Esq.